# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**MARY O'HARA,**

       **Plaintiff,**

**v.**                                                      **Case No:   6:14-cv-254-Orl-31TBS**

**FLORIDA DEPARTMENT OF CORRECTIONS,**

       **Defendant.**

## ORDER

This matter comes before the Court on the Motion for Summary Judgment (Doc. 23) filed by the Defendant, Florida Department of Corrections ("DOC"), the response in opposition (Doc. 33) filed by the Plaintiff, Mary O'Hara, and the reply (Doc. 34) filed by DOC.

### I.   Background

The following facts are undisputed with respect to this summary judgment action. O'Hara, a Florida citizen, worked for DOC as a registered nurse.   She contends that, during her employment, she was not paid the proper hourly rate, and that she worked overtime hours for which she was not properly compensated.   She also contends that she was terminated by FDOC because of her age – 52 – and replaced by a substantially younger nurse.

O'Hara filed a complaint against DOC alleging violations of the Age Discrimination in Employment Act, 29 U.S.C. 621, *et. seq.* ("ADEA") and the Fair Labor Standards Act, 29 U.S.C. 201, *et. seq.* ("FLSA") on January 6, 2014 in state court.   It was removed to this court on February 13, 2014.   In the instant motion, DOC seeks summary judgment on the merits and on the basis of Eleventh Amendment immunity.   In her response, O'Hara opposes summary

judgment on the merits and, in the alternative, requests leave to amend her complaint to add claims under the Florida Civil Rights Act ("FCRA"), Fla. Stat. §§ 760.01 *et seq.*, and Article X, Section 24 of the Florida Constitution.

**II.     Legal Standards**

   *A.  Summary Judgment*

A party is entitled to summary judgment when the party can show that there is no genuine issue as to any material fact. Fed. R. Civ. P. 56. Which facts are material depends on the substantive law applicable to the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The moving party bears the burden of showing that no genuine issue of material fact exists. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991).

When a party moving for summary judgment points out an absence of evidence on a dispositive issue for which the nonmoving party bears the burden of proof at trial, the nonmoving party must "go beyond the pleadings and by [his] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324-25 (1986) (internal quotations and citation omitted). Thereafter, summary judgment is mandated against the nonmoving party who fails to make a showing sufficient to establish a genuine issue of fact for trial. *Id.* at 322, 324-25. The party opposing a motion for summary judgment must rely on more than conclusory statements or allegations unsupported by facts. *Evers v. Gen. Motors Corp.*, 770 F.2d 984, 986 (11th Cir. 1985) ("conclusory allegations without specific supporting facts have no probative value").

### B. *Eleventh Amendment Immunity*

The Eleventh Amendment prohibits federal courts from exercising subject matter jurisdiction over claims brought against a state by its own citizens, *Schopler v. Bliss*, 903 F.2d 1373, 1378 (11th Cir. 1990), except where that immunity has been waived by the state or expressly and validly abrogated by Congress, *Gamble v. Fla. Dept. of Health & Rehabilitative Service*s, 779 F.2d 1509, 1511 (11th Cir. 1986).  Congress has not abrogated the states' Eleventh Amendment immunity under the ADEA, *Kimel v. Florida Board of Regents*, 528 U.S. 62, 92 (2000), or under the FLSA, *Alden v. Maine*, 527 U.S. 706, 759-60 (1999).

### C. *Leave to Amend*

Federal Rule of Civil Procedure 16(b) governs scheduling orders and provides that a schedule may be modified "only upon consent of the judge and a showing of good cause."  A good cause showing requires the party requesting a modification of an amendment deadline to prove the deadline could not have been met, despite the party's diligent efforts to meet the deadline.  *Donahay v. Palm Beach Tours & Transp., Inc.*, 243 F.R.D. 697, 699 (S.D. Fla. 2007).  Where the proposed amendment could have been made on schedule, good cause has not been proven.  *Id.*

**II.    Analysis**

### A. *Summary Judgment*

O'Hara does not dispute that DOC, as a state agency, is entitled to sovereign immunity and to Eleventh Amendment immunity.   Further, O'Hara does not argue that DOC has waived its immunity in regard to any of the claims asserted against it.   Despite O'Hara's failure to raise the issue, the Court finds that DOC waived its Eleventh Amendment immunity from suit by removing this case to federal court.  *Stroud v. McIntosh*, 722 F.3d 1294, 1301 (11th Cir. 2013) (holding that

state's removal of case waives any immunity-based objection to federal forum). However, the removal does not constitute a waiver of DOC's immunity from liability. *Id.* (holding that sovereign immunity is a divisible concept, and state agency that removed case waived its immunity from suit in federal court but not its immunity from liability on ADEA claim). Accordingly, sovereign immunity bars O'Hara's FLSA and ADEA claims, rendering factual disputes immaterial, and DOC is entitled to summary judgment on both claims.

### B. Leave to Amend

O'Hara requested leave to amend her complaint to add claims under the FCRA and Article X, Section 24 of the Florida Constitution. DOC argues, *inter alia*, that the request should be denied because O'Hara was dilatory in requesting leave to amend.

The Court agrees. The Scheduling Order (Doc. 17) set July 14, 2014, as the deadline for motions to amend. O'Hara did not explain, or even acknowledge, the delay in requesting leave to amend. O'Hara has failed to show good cause, as required by Fed.R.Civ.P. 16(b). The Court will not grant leave to amend.

### III. Conclusion

In consideration of the foregoing, it is hereby

**ORDERED** that the Motion for Summary Judgment (Doc. 23) filed by Defendant Florida Department of Corrections is **GRANTED**. The Clerk is directed to enter judgment in favor of the Defendant and against the Plaintiff and close the case.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on May 14, 2015.



GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE